19106. WILLIAMS *v.* TENNESSEE CHEMICAL COMPANY.

BROYLES, C. J. 1. Under the facts disclosed by the record, this court can not hold, as a matter of law, that the trial judge abused his broad discretion in overruling either of the two separate motions of the plaintiff in error for a continuance of the case.

2. In the light of all the particular facts of the case, it does not appear that the court erred in refusing to strike the second ground of the traverse to the affidavit of illegality, in striking the affidavit of illegality on demurrer, or in admitting in evidence the documentary evidence objected to by the plaintiff in error.

3. A part of the documentary evidence introduced was the affidavit of illegality. During the argument of counsel for the plaintiff in error, the court refused to allow him to discuss the grounds of the affidavit of illegality, or to argue anything in connection therewith, for the reason that it had been dismissed on demurrer. This was error. The affidavit of illegality had been put in evidence for the purpose of showing that it had been filed for delay only, and, having been introduced in evidence, counsel for the plaintiff in error had the right to argue it. This error, however, was harmless, since the evidence adduced demanded a finding that the affidavit of illegality had been filed for the purpose of delay only.

4. The final judgment rendered in favor of the plaintiff was based upon the verdict and was not error for any reason assigned.

5. On account of the error pointed out in the third headnote, this court declines to assess damages against the plaintiff in error on the ground that the case was brought to this court for delay only.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 13, 1928.

*A. E. Thornton,* for plaintiff in error.   *John R. Wilson,* contra.